UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PEGASUS HOLDING GROUP STABLES, LLC,

                    Plaintiff,

    -against-                         MEMORANDUM & ORDER
                                          13-CV-1541(JS)(ARL)
INTERNATIONAL EQUINE ACQUISITIONS
HOLDINGS, INC., IEAH STABLES, INC.,
IEAH CORPORATION, MICHAEL IAVARONE,
SF BLOODSTOCK, LLC, and SF RACING,
LLC,
                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Michael Paul Siravo, Esq.
                      Deanna Darlene Panico, Esq.
                      Bee Ready Fishbein Hatter &
                          Donovan, LLP
                      170 Old Country Road, Suite 200
                      Mineola, New York 11501

For Defendants:
SF Bloodstock, LLC     Ira A. Finkelstein, Esq.
SF Racing, LLC         Law Offices of Ira A. Finkelstein, P.C.
                      521 Fifth Avenue, 32nd Floor
                      New York, New York 10175-3299

Remaining Defendants    No appearances.

SEYBERT, District Judge:

        On April 26, 2013, this Court ordered Plaintiff Pegasus Holding Group Stables, LLC ("Plaintiff") to show cause why its Complaint should not be dismissed for lack of subject matter jurisdiction. (OTSC, Docket Entry 12.) The Court has since received Plaintiff's response as well as submissions from Defendants SF Bloodstock, LLC and SF Racing, LLC (the "SF Defendants"). (See Pl. Resp. to OTSC, Docket Entry 17; SF

4/26/13 Ltr., Docket Entry 13; SF 5/31/13 Ltr., Docket Entry 18.) For the following reasons, Plaintiff's Complaint is sua sponte DISMISSED.

BACKGROUND

Plaintiff commenced this action against Defendants International Equine Acquisitions Holdings, Inc., IEAH Stables, Inc., IEAH Corp., Michael Iavarone (collectively the "IEAH Defendants"), and the SF Defendants on March 22, 2013 for common law claims of breach of contract, conversion, and replevin. Plaintiff seeks "injunctive relief and monetary damages based upon Defendants' unlawful actions with respect to the purchase of two thoroughbred race horses: Diamondrella and Trickmeister." (Compl. ¶ 1.) The Complaint alleges federal subject matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. (Compl. ¶ 29.)

On April 26, 2013, this Court issued an Order to Show Cause questioning whether the Court indeed has subject matter jurisdiction and ordering Plaintiff to show cause why this action should not be dismissed for lack thereof. That same day, the SF Defendants wrote to the Court, arguing that an Order to Show Cause was unnecessary and that Plaintiff had failed to allege the citizenship of its members, a necessity in alleging the citizenship of a limited liability corporation ("LLC"). (SF 4/26/13 Ltr.) On May 24, 2013, Plaintiff filed its response to

2

the Order to Show Cause, arguing, inter alia, that further discovery is required to determine the citizenship of the SF Defendants and that Plaintiff's citizenship should be based upon its "relevant members" or its members "with an interest" in the litigation. (Pl. Resp. to OTSC at 3.) The SF Defendants again wrote to the Court on May 31, 2013, noting that Plaintiff's response "admits that [Plaintiff] has two members (Geoffrey W. Holmes and the Daniel D. Gestwick IRA) that are domiciled in New York, the same place of citizenship as all of the IEAH Defendants." (SF 5/31/13 Ltr. at 1.)

## DISCUSSION

The Court will first address the applicable legal principles before turning to the specifics of this case.

### I. Legal Principles

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the

3

court has the duty to dismiss the action sua sponte." Dupont, 565 F.3d at 62; see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000) (alteration in original) (internal quotation marks and citation omitted). Moreover, a complaint must allege citizenship of each member of an LLC. See Aleph Towers, LLC v. Ambit Texas, LLC, No. 12-CV-3488, 2013 WL 4517278, at *3 (E.D.N.Y. Aug. 23, 2013). An LLC is a citizen of every state of which its members are citizens. See Handelsman, 213 F.3d at 52.

II. Subject Matter Jurisdiction

Plaintiff argues that its own "relevant members" are Basileus Holdings, LLC, and IP Global Investors, Ltd., which are citizens of California and Nevada, respectively. (Pl. Resp. to OTSC at 3-4.) However, Plaintiff defines relevance according to which of its members has an interest in the racehorse Diamondrella. (Pl. Resp. to OTSC at 4.) Plaintiff seems to completely ignore that it also asserts claims relating to the racehorse Trickmeister, which are owned by citizens of New York. (see Tagliaferri Decl. ¶ 3) and that the IEAH Defendants are

also citizens of New York (see Compl. ¶¶ 3-15; Panico Decl. Exs. D-F).

Plaintiff's argument fails for a number of reasons. First, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,'" despite their relative financial interests in the matter. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (citing Chapman v. Barney, 129 U.S. 677, 682, 9 S. Ct. 426, 32 L. Ed. 800 (1889)); see also United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc., 382 U.S. 145, 146, 86 S. Ct. 272, 15 L. Ed. 2d 217 (1965) (affirming "the generally prevailing principle that an unincorporated association's citizenship is that of each of its members"); Icon M.W., LLC v. George Hofmeister, --- F. Supp. 2d ----, 2013 WL 2896807, at *2 (S.D.N.Y. June 4, 2013) (finding that despite the de minimis stake certain members held in an LLC, they are citizens for purposes of determining the citizenship of an LLC). Second, even if the Court were to consider only Plaintiff's "relevant members," as it suggests, its relevant members include citizens of New York. Yet the IEAH Defendants also include citizens of New York. Thus, complete diversity is not present as Plaintiff and the IEAH Defendants are both New York citizens.

To the extent that Plaintiff requests that the Court remove any non-diverse parties, the Court declines to do so.

Cf. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (holding that a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists).

Accordingly, there is no complete diversity of citizenship and this Court lacks subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is sua sponte DISMISSED without prejudice for lack of subject matter jurisdiction and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: October __7__, 2013
      Central Islip, NY